**EXHIBIT 8**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re:<br><br>**BLACKJEWEL, L.L.C.,** *et al.*<br><br>                   **Debtors**<br>---------------------------------------------------------<br>**DAVID ENGELBRECHT, JOSIAH WILLIAMSON, GREGORY MEFFORD on behalf of themselves and all others similarly situated,**<br><br>               **Plaintiffs,**<br><br>v.<br><br>**BLACKJEWEL, L.L.C.,**<br><br><br>               **Defendants.**<br>--------------------------------------------------------- | **Chapter 11**<br>**Case No. 19-bk-30289**<br>**(Jointly Administered)**<br><br><br><br>**Adversary Proceeding**<br>**No. 3:19-ap-03002** |
| In re:<br><br>**BLACKJEWEL, L.L.C.,** *et al.*<br><br>                   **Debtors**<br>---------------------------------------------------------<br>**SHAWN ABNER, JACOB HELTON, AND BILLY HATTON on behalf of themselves and all others similarly situated,**<br><br>               **Plaintiffs,**<br><br>v.<br><br>**BLACKJEWEL, L.L.C.,  REVELATION ENERGY, LLC, LEXINGTON COAL CO., LLC, JEFF HOOPS, SR., JEFFERS A. HOOPS, II,**<br><br>               **Defendants.**<br>--------------------------------------------------------- | **Chapter 11**<br>**Case No. 19-bk-30289**<br>**(Jointly Administered)**<br><br><br><br>**Adversary Proceeding**<br>**No. 3:19-ap-03003** |

**JOINT MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 107 AND FED. R.
BANKR. P. 9018 FOR AN ORDER AUTHORIZING THE PARTIES TO FILE
UNDER SEAL AMENDED SCHEDULE 1 AND EXHIBIT C TO THE
SETTLEMENT AGREEMENT**

Plaintiffs David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob

Helton, and Billy Hatton (the "Plaintiffs"), together with Blackjewel, L.L.C. and Revelation

Energy, LLC (together, the "Debtors" or "Debtor-Defendants") and Lexington Coal Co., LLC,

Jeff Hoops, Sr., and Jeffery A. Hoops, II (the "Non-Debtor Defendants" and, collectively with

the Debtor-Defendants, the "Defendants" and, together with the Plaintiffs, the "Parties") by and

through their respective counsel, hereby move (the "Sealing Motion") this Court pursuant to

Sections 105 and 107 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of

the Local Rules of United States Bankruptcy Court for the Southern District of West Virginia

(the "Local Rules") for the entry of for an order authorizing the Parties to submit under seal

Amended Schedule 1 and Exhibit C (together, the "Employees Lists") to the Settlement, Release,

and Allowance of Claim Agreement (the "Settlement Agreement"); dated as of January 11, 2021

(the "Settlement Agreement" or "Settlement")[1] annexed to their Joint Motion and Memorandum

of Law Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023 and  9019

to: (I) Approve the Settlement Agreement Pursuant to Bankruptcy Rule 9019, (II) Preliminarily

Approve the Settlement Agreement Pursuant to Bankruptcy Rule 7023, (III) Certify the Class for

Settlement Purposes, Including the Appointment of Class Counsel and the Class Representatives,

(IV) Approve the Form and Manner of Notice to Class Members of the Settlement, (V) Schedule

a Fairness Hearing to Consider Final Approval of the Settlement Agreement, (VI) Finally

Approve the Settlement Agreement Following the Fairness Hearing, and (VII) Grant Related

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement
Agreement.

Relief (the "Settlement Motion") filed contemporaneously herewith, and respectfully represent as follows:

**Jurisdiction**

1.      This Court has jurisdiction over this Joint Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C § 157(b)(2).  Venue of this proceeding and this Sealing Motion is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are Sections 105(a) and 107(c)(1) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

**Relief Requested**

2.      The Employees Lists attached to the Settlement Agreement each provides a list of former employees.  The first list, Amended Schedule 1, is comprised of all persons who were employed by the Debtors at facilities located in the Eastern Division and the Western Division and who ceased working for the Debtors on or after July 1, 2019, and who are the beneficiaries of the Settlement Agreement, if approved by the Court.  The Class excludes the Debtors' employees who were brought back to work by the Debtors between the dates of July 1, 2019 and November 4, 2019.  These excluded employees are listed on Exhibit C.  Both Employees Lists contain the employees' names, salaries, the amount of their benefits (the "Employment Information").  As such, the Parties request that this Court issue an order authorizing the Parties to file the Employee Lists under seal to protect the privacy of the former employees by preventing the unnecessary disclosure of the Employment Information to the public at large.

3.      Section 105(a) of the Bankruptcy Code provides bankruptcy courts with the power to "issue any order, process, or judgment that is necessary or appropriate[.]" 11 U.S.C § 105(a).  The Court may use the broad grant of authority provided under this section to protect entities from the potential harm that may result from the disclosure of certain confidential

- 3 -

information. *See Gegert v. Trans. Admin. Servs.*, 260 F.3d 909, 918-19 (8th Cir. 2001) (noting

that plaintiff "could have prevented public disclosure … [by seeking] a protective order under

the 'necessary and appropriate' provision of 11 U.S.C. § 105(a)").

4.      Congress, in enacting the Bankruptcy Abuse Prevention and Consumer Protection

Act of 2005, recognized the importance of protecting individuals from the undue risk of identity

theft or other unlawful injury to themselves or their property by amending Section 107 of the

Bankruptcy Code to specifically provide a mechanism for filing "any means of identification"

under seal. *See* Pub. L. No. 109, § 234(a) 2005.  Section 107(c) of the Bankruptcy Code now

provides bankruptcy courts with the power to issue orders that will protect individuals from the

potential harm that may result from the disclosure of certain confidential personal information.

This section provides, in relevant part, that

> [t]he bankruptcy court, for cause, may protect an individual, with
> respect to the following types of information to the extent the court
> finds that disclosure of such information would create undue risk
> of identity theft or other unlawful injury to the individual or the
> individual's property … (A) [a]ny means of identification …
> contained in a paper filed, or to be filed, in a case under this title
> … (B) other information contained in a paper described in
> subparagraph (A).

11 U.S.C. § 107(c)(1).

5.      Here, public disclosure of the Employment Information poses an unnecessary risk

to the former employees and serves no useful purpose as the Settlement Motion itself, which is

available to public scrutiny, as well as the proposed Class Notice (attached to the Settlement

Agreement as <u>Exhibit D</u>  and which, if approved by the Court, will be sent to every Class

Member), contains all of the relevant information that a party requires to form an opinion on the

Settlement Agreement's relative benefit to the estate and the beneficiaries of the Settlement.

Given that the harm that can be inflicted from the disclosure of the Employment Information to

an unscrupulous individual could be financially ruinous, the relief requested herein is an

appropriate exercise of this Court's authority under both Section 105 and 107 of the Bankruptcy

Code. *See Greidinger v. Davis*, 988 F.2d 1344, 1354 (4th Cir. 1993).

WHEREFORE, the Parties respectfully request that this Court enter an order,

substantially in the form annexed hereto as **Exhibit A**, (i) authorizing the submission of

Amended Schedule 1 and Exhibit C to the Settlement Agreement under seal, and (ii) granting

such other and further relief as may be just and proper.

DATED: January 17, 2021

**SUPPLE LAW OFFICE, PLLC**
Joe M. Supple, Bar. No. 8013
801 Viand St.
Point Pleasant, WV 25550
Telephone: 304.675.6249
Facsimile: 304.675.4372
joe.supple@supplelawoffice.com

**SQUIRE PATTON BOGGS (US) LLP**
*/s/ Stephen D. Lerner*
Stephen D. Lerner (admitted *pro hac vice*)
Nava Hazan (admitted *pro hac vice*)
Travis McRoberts (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
nava.hazan@squirepb.com
travis.mcroberts@squirepb.com

*Co-Counsel to the Debtors and Debtors-in-Possession*

*/s/ Mary Olsen*
Mary Olsen
The Gardner Firm, P.C.
182 St. Francis Street, Suite 103
Mobile, Alabama 36602
Telephone: (251) 433-8100

Facsimile: (251) 433-8181

Stuart J. Miller, Esq.
Lankenau & Miller LLP
132 Nassau Street, Suite 1100
New York, New York 10038
Telephone: (212) 581-5005
Facsimile:  (212) 581-2122

Samuel B. Petsonk (WVSB # 12-418)
Petsonk PLLC
101 Ramey Court
PO Box 1045
Beckley, WV 25802
(304 )900-3171 (phone)
(304) 986-4633 (fax)
sam@petsonk.com

Bren J. Pomponio (WVSB #7774)
Clint Carte (WVSB #12054)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301
(304) 344-3144
(304) 344-3145 (fax)
bren@msjlaw.org
clint@msjlaw.org

Ned Pillersdorf
Pillersdorf Law Office
124 West Court St
Prestonsburg, KY 41653
Phone: 606-886-6090
Fax: 606-886-6148

*Counsel for Plaintiffs and the Settlement Class*

AND

**LEXINGTON COAL COMPANY, LLC**
*/s/ Helen R. Jackson_____*
Helena R. Jackson, Esq.
164 Main Street, Suite 401
Pikeville, Kentucky 41501
hj@lexingtoncoal.us

- 6 -

859.533.4901

**DINSMORE & SHOHL LLP**
Janet Smith Holbrook (WVSBN 5853)
John (J.H.) Harlan Mahaney (WVSBN 6993)
Alexis B. Mattingly (WVSBN 10286)
611 Third Avenue
Huntington, West Virginia 25701
(304) 529-6181 Phone
(304) 522-4312 Fax
Janet.holbrook@dinsmore.com
John.mahaney@dinsmore.com
alexis.mattingly@dinsmore.com

*Counsel to the Non-Debtor Defendants*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 19-bk-30289 |
| **BLACKJEWEL, L.L.C.,** *et al.* | **(Jointly Administered)** |
| **Debtors** | |
| --------------------------------------------------------- | |
| **DAVID ENGELBRECHT, JOSIAH WILLIAMSON, GREGORY MEFFORD on behalf of themselves and all others similarly situated,** | **Adversary Proceeding No. 3:19-ap-03002** |
| **Plaintiffs,** | |
| **v.** | |
| **BLACKJEWEL, L.L.C.,** | |
| **Defendants.** | |
| --------------------------------------------------------- | |
| In re: | Chapter 11 |
| | Case No. 19-bk-30289 |
| **BLACKJEWEL, L.L.C.,** *et al.* | **(Jointly Administered)** |
| **Debtors** | |
| --------------------------------------------------------- | |
| **SHAWN ABNER, JACOB HELTON, AND BILLY HATTON on behalf of themselves and all others similarly situated,** | **Adversary Proceeding No. 3:19-ap-03003** |
| **Plaintiffs,** | |

v.

**BLACKJEWEL, L.L.C., REVELATION
ENERGY, LLC, LEXINGTON COAL CO., LLC,
JEFF HOOPS, SR., JEFFERS A. HOOPS, II,**

                         **Defendants.**

---------------------------------------------------------

## ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 107 AUTHORIZING THE PARTIES TO FILE UNDER SEAL AMENDED SCHEDULE 1 AND EXHIBIT C TO THE SETTLEMENT AGREEMENT

Upon consideration of the joint motion of Plaintiffs David Engelbrecht, Josiah Williamson, Gregory Mefford, Shawn Abner, Jacob Helton, and Billy Hatton (the "Plaintiffs"), together with Blackjewel, L.L.C. and Revelation Energy, LLC (together, the "Debtors" or "Debtor-Defendants") and Lexington Coal Co., LLC, Jeff Hoops, Sr., and Jeffery A. Hoops, II (the "Non-Debtor Defendants" and, collectively with the Debtor-Defendants, the "Defendants" and, together with the Plaintiffs, the "Parties") by and through their respective counsel, for the entry of an order authorizing the Parties to submit under seal Amended Schedule 1 and Exhibit C to the *Settlement and Release Agreement* dated as of January 11, 2021 (the "Settlement Agreement"), pursuant to 11 U.S.C. §§ 105 and 107 (the "Sealing Motion"); and the Court having determined that the factual and legal bases set forth in the Sealing Motion establish just cause for the relief granted herein; it is hereby

ORDERED, that the Sealing Motion is granted in all respects; and it is further

ORDERED, that the Parties are authorized to file Amended Schedule 1 and Exhibit C to the Settlement Agreement under seal; and it is further

ORDERED that any request to unseal Amended Schedule 1 and Exhibit C shall be made by motion on notice providing interested parties a reasonable opportunity to object; and it is

2

further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from

or related to implementation of this Order.

Presented By:

Joe M. Supple (W.Va. Bar No. 8013)
SUPPLE LAW OFFICE, PLLC
801 Viand Street
Point Pleasant, WV 25550
304-675-6249
joe.supple@supplelawoffice.com

- and –


*/s/ Stephen D. Lerner*
Stephen D. Lerner
Nava Hazan
Travis A. McRoberts
SQUIRE PATTON BOGGS (US) LLP
201 E. Fourth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
nava.hazan@squirepb.com
travis.mcroberts@squirepb.com

*Co-Counsel for the Debtors and
Debtors-in-Possession*